IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. EARITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
JAIME EARITH, ALSO KNOWN AS JAIME HYDE, APPELLANT.

Filed October 29, 2013.     No. A-12-1189.

Appeal from the District Court for Saline County: VICKY L. JOHNSON, Judge. Affirmed.

Joseph M. Casson for appellant.

Jon Bruning, Attorney General, Erin E. Tangeman, J. Kirk Brown, and Siobhan E. Duffy, Senior Certified Law Student, for appellee.

MOORE, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Jaime Earith, also known as Jaime Hyde, appeals from convictions of possession of methamphetamine, a Class IV felony, and possession of marijuana, less than 1 ounce. For the reasons that follow, we affirm.

## BACKGROUND

Earith was charged by information with possession of methamphetamine, a Class IV felony, and possession of marijuana, 1 ounce or less. Prior to trial, the court was informed that a witness would be unavailable for trial. A video trial deposition was taken so the witness' testimony could be played for the jury. On the day before trial, a court hearing regarding a motion in limine filed by the defense was held and certain evidence was ruled inadmissible.

A 2-day jury trial was held in the district court for Saline County.

Ashley Griess, a probation officer with the State of Nebraska, testified by video trial deposition. Griess testified that she knew Earith because Griess had previously been assigned as

Earith's probation officer. The terms of Earith's probation included that she submit to drug tests and that she could be subject to searches. Earith's probation order also provided that if she tested positive for a controlled substance, she would have to serve 72 hours in jail.

Griess had previously given permission in her capacity as a probation officer for officers to search the residence where Earith and her husband were currently staying, although it was not their home. There was suspicion that controlled substances were present in that home.

On December 23, 2011, Griess went to the Saline County jail because she believed Earith would be there. Earith was found in the visitor room talking to her husband. Griess told Earith she knew Earith's husband had recently been arrested for possession of drugs and asked Earith to submit to a drug test.

Griess also testified in her video deposition that after Earith submitted to the drug test and the results were determined, Griess required Earith to serve 72 hours in jail. The specific results of the drug test were ruled inadmissible prior to trial when the trial court sustained Earith's motion in limine. When the video deposition was presented to the jury, Griess' statement that Earith had tested positive was not redacted and was heard by the jury. Earith objected and moved for a mistrial. The trial court overruled Earith's motion and stated, "Ladies and Gentlemen of the jury, I am instructing you to disregard the testimony of . . . Griess regarding the positive test. You are not to use that as evidence regarding her possession of methamphetamine because the State cannot put the test results into evidence."

During the search on December 23, 2011, Griess also asked Earith for permission to search her car. Earith stated that the car belonged to her and that she had driven it to the jail that morning.

Griess was assisted in the search by Jennifer Retchless-Chavez (Chavez), a deputy sheriff with the Saline County sheriff's office. There was a dog in the car, so they asked Earith to hold the dog during the search of the car, and Earith complied. Chavez found two pill bottles in the passenger compartment. One bottle contained a leafy green substance, and the other contained a brown substance with seeds.

Chavez asked for assistance from Earith to open the trunk of the car. Chavez testified that there was no way to get into the trunk without Earith's assistance. Chavez found a black backpack in the trunk. It contained several cards, including credit cards, store loyalty cards, and insurance cards, that were in the name "Jaime Hyde" and a legal bill addressed to "Jaime Hyde." The backpack also contained a small plastic baggie with white residue and a pocket scale. Although there was only a small amount present in the baggie, the substance was visible. Chavez took the baggie to the Saline County sheriff's office to be field tested. Chavez testified that based upon her training and experience, the substance appeared to be methamphetamine. She also testified that although a pocket scale has legitimate uses, it is also used in connection with drugs.

A sergeant with the Saline County sheriff's office also testified. He was working on December 23, 2011, and performed a field test on the baggie that Chavez found in the backpack from the trunk of Earith's car. At the time of the field test, the sergeant observed the substance, and based upon his training and experience, he believed it to be methamphetamine because of the type and manner in which it was packed and the substance's white, crystal appearance.

Griess testified that after the search was conducted, Earith stated that the pill bottles belonged to her husband and that the baggie was planted. Griess testified that she did not plant the bottles or the baggie and that she did not observe Chavez plant anything in the vehicle.

A Nebraska State Patrol forensic scientist performed tests on the substances in the pill bottles and in the baggie and prepared a report containing the test results. The test of the baggie revealed the presence of methamphetamine, and the tests of the pill bottles showed the substance to be marijuana. The forensic scientist stated that there was clearly a white coating on the baggie and that anyone with reasonably good vision could see it.

The jury found Earith guilty of possession of methamphetamine, and the district court found her guilty of possession of marijuana. Earith then made a motion for judgment notwithstanding the verdict, which the court overruled. Earith was sentenced to 20 to 36 months' imprisonment for possession of methamphetamine, with credit given for 82 days served, and a fine of $300 for possession of marijuana.

## ASSIGNMENTS OF ERROR

Earith asserts the trial court erred in overruling her motion for mistrial. She also asserts that the evidence at trial was insufficient to support a conviction and that the trial court erred in overruling her motion for judgment notwithstanding the verdict.

## STANDARD OF REVIEW

The decision whether to grant a motion for mistrial is within the discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Scott*, 284 Neb. 703, 824 N.W.2d 668 (2012). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Branch*, 277 Neb. 738, 764 N.W.2d 867 (2009).

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of the witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Thurman*, 273 Neb. 518, 730 N.W.2d 805 (2007).

## ANALYSIS

*Motion for Mistrial.*

On October 11, 2012, the parties appeared for a status hearing before the trial court to discuss the video deposition of Griess. The video deposition had been taken by agreement of the

parties prior to trial for the purpose of being shown to the jury during the trial for Earith's charge for possession of methamphetamine. The parties discussed two specific objections to Griess' testimony. The first was Griess' answer to the question "What was [Earith] on probation for?" The defense objected to the relevance of this question, and the court sustained the objection and ordered the answer to be redacted. Griess' response was redacted from the video testimony which was shown at trial and entered into evidence as exhibit 1.

During the video deposition, Griess was also asked, "When Chavez returned back out to the car what happened with Jaime Earith?" Griess responded, "The results showed that there was --," and the defense objected because the answer was not responsive to the question. This objection was sustained, and the trial judge found this answer was not harmful and an admonishment could be given to the jury. The court's order noted, "The Court sustained the objections and directed that the objectionable questions and remarks be redacted from the video shown to the jury. The Court will give an admonishment to the jury if it becomes necessary once the video is shown."

These were the only two objections discussed at the status hearing. However, there was an additional objection in Griess' trial deposition that was not discussed by either party at the status hearing. Griess was asked, "After getting the test results from the drug testing, what did you then do with Jaime Earith?" Griess responded, "I told her as a result of the test, since she tested positive, that she would be serving --." At that point, Earith's counsel objected and moved to strike. He did not request to redact this portion of the testimony at the status hearing or request the judge rule on the objection.

On October 16, 2012, Earith filed a motion in limine requesting that the court exclude certain evidence from trial. One specific request was to exclude "[f]ield tests or chemical tests and the results of any such tests of [Earith's] bodily fluids or breath." On October 17, the day before the trial, the parties appeared for a hearing on the motion in limine. The trial court's journal entry states the motion was "sustained as to the results of the field tests or chemical tests but overruled as to the fact that they were done." The trial court determined it was permissible for the State to present Griess' testimony that Earith was tested per the requirements of her probation and that after the test, Earith was held in jail for 72 hours.

At trial, the video deposition of Griess was shown and the portion of the tape containing Griess' answer regarding Earith's positive test was shown to the jury. The record reflects that the county attorney attempted to stop the tape before the answer but was not successful. At that point, Earith's counsel moved for a mistrial.

The parties discussed the motion in chambers, and the trial judge reasoned that although there was evidence of a positive test, there was no evidence what the test was for and a limiting instruction would be adequate. Thus, the judge overruled the motion for mistrial and admonished the jury to "disregard the testimony of . . . Griess regarding the positive test." The jurors were instructed that they were not to use the test as evidence regarding Earith's possession of methamphetamine because the State could not "put the test results into evidence."

Earith asserts she was prejudiced by Griess' statement that the test was positive, but Earith acknowledged that the results can be inferred from the evidence that she was tested and subsequently held for 72 hours.

A mistrial is properly granted in a criminal case where an event occurs during the course of a trial which is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial. *State v. Daly*, 278 Neb. 903, 775 N.W.2d 47 (2009). In *State v. Daly*, the Nebraska Supreme Court stated there was nothing in the record to suggest the jury could not and did not abide by the court's admonition. The court stated a jury is presumed to follow its instructions unless evidence is presented to the contrary. *Id.*

A defendant must prove that an alleged error actually prejudiced him or her, rather than creating only the possibility of prejudice. *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998). Ordinarily, when an objection to or motion to strike improper evidence is sustained and the jury is instructed to disregard it, such instruction is deemed sufficient to prevent prejudice. *Id.*

There is no evidence that the error alleged here actually prejudiced Earith or prevented a fair trial. The jury did hear the word "positive," though it should have been excluded per the motion in limine regarding field sobriety or drug testing. However, the jury was admonished to disregard such testimony and there is no evidence that the jury could not or did not abide by the court's admonition.

Further, as the trial court noted, while it is true that the jury heard evidence of a positive drug test, there was no indication of what drug she tested positive for. Any reasonable person could infer from the allowable evidence that Earith tested positive for drugs. They were told that under the conditions of Earith's probation, she was required to submit to drug tests; her probation order also states if she tested positive for drugs, she would be held for 72 hours in jail; she was tested on December 23, 2011, by her probation officer; and after receiving the results, she was held for 72 hours in jail. The word "positive" is not required for a person to come to the conclusion that she had in fact had a positive test.

The decision whether to grant a motion for mistrial is within the discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Scott*, 284 Neb. 703, 824 N.W.2d 668 (2012). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

Upon our review, we find that the trial court's decision to overrule Earith's motion for mistrial was not an abuse of discretion.

*Sufficiency of Evidence.*

Earith alleges the evidence adduced at trial was insufficient to support a conviction. Earith states that the State was required to prove, beyond a reasonable doubt, each and every element of the offense charged and that the State failed to do so. She does not dispute that methamphetamine and marijuana were found in her car, but she does dispute whether there was evidence presented showing she had knowledge of the presence of these substances.

She asserts the record is devoid of any evidence regarding Earith's ability to know of the nature or character of a controlled substance.

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt. *State v. Branch*, 277 Neb. 738, 764 N.W.2d 867 (2009).

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of the witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Thurman*, 273 Neb. 518, 730 N.W.2d 805 (2007).

In Nebraska, to prove a person guilty of possession of a controlled substance, the State must prove, beyond a reasonable doubt, that the person knowingly or intentionally possessed a controlled substance. Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2012). A person possesses a controlled substance when he knows of the nature or character of the substance and of its presence and has dominion or control over it. *State v. Howard*, 282 Neb. 352, 803 N.W.2d 450 (2011).

A combination of direct and circumstantial evidence proves that Earith was in actual or constructive possession of controlled substances. Earith only asserts the insufficiency of the evidence with regard to the methamphetamine. The baggie containing methamphetamine residue and the pill bottles containing marijuana were both found in a car registered to Earith. Earith told her probation officer that the car belonged to her and that she had driven it to the jail that day. The baggie was found in the trunk of Earith's car--in a bag containing a number of her personal effects, including Earith's journal, numerous cards with her name on them, and bills addressed to her. The evidence shows she had dominion and control over the car and the items inside.

Earith asserts there is no evidence that she had any familiarity with controlled substances or that she could have known of the character of the methamphetamine by its appearance alone. There is evidence that Earith's husband was arrested prior to Earith's arrest for possession of controlled substances. Griess testified that upon Earith's arrest, Earith stated the plastic baggie was planted and the pill bottles belonged to her husband. She apparently was aware of the incriminating nature of these items and their presence in her vehicle. In addition to the baggie, the backpack in Earith's trunk contained a pocket scale. Although a scale of this type has other practical uses, it is also commonly used by people who use or possess drugs to weigh the amount to be used.

From this evidence, a rational trier of fact could reasonably infer that Earith was familiar with controlled substances and that a person familiar with controlled substances could have recognized the residue contained in the baggie was methamphetamine.

Viewing the evidence in the light most favorable to the State, we determine there is sufficient evidence on the record to support Earith's conviction for possession of methamphetamine. We find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Judgment Notwithstanding Verdict.*

After the court found Earith guilty of possession of marijuana and the jury found Earith guilty of possession of methamphetamine, her counsel made an oral motion for the court to enter a judgment notwithstanding the verdict, and the motion was overruled.

An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Eagle Bull*, 285 Neb. 369, 827 N.W.2d 466 (2013).

Earith assigns the failure to sustain this motion was error, but does not argue this issue in her brief. We find this assignment of error has been waived.

## CONCLUSION

We find that the trial court did not abuse its discretion in overruling Earith's motion for mistrial and that there is sufficient evidence on the record to support the conviction for possession of a controlled substance. We also find that Earith has waived her argument with regard to the trial court's overruling of her motion for judgment notwithstanding the verdict.

AFFIRMED.